UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| S2 GROWTH I LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROMULUS EQUIPMENTSHARE GROWTH II LP, | ) |
| ROMULUS EQUIPMENTSHARE GROWTH III LP, | )   Case No. 1:24-cv-10398-RGS |
| ROMULUS CAPITAL PARTNERS II, LLC, | ) |
| WELD ADVISORY HOLDINGS, LLC, WARREN CHIA | ) |
| and | ) |
| NEIL CHHEDA, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S BRIEF IN OPPOSITION TO
JOINT MOTION TO DISMISS OF DEFENDANTS WARREN CHIA AND
WELD ADVISORY HOLDINGS**

**I.   INTRODUCTION**

Defendants WELD Advisory Holdings, LLC and Warren Chia (collectively, "WELD Defendants") do not deny receipt of approximately $400,000 in phantom "advisory fees" from Plaintiff S2 Growth I, LLC ("Plaintiff"), but seek to absolve themselves from liability merely because the terms of the Subscription Agreement between Plaintiff and the Romulus Defendants authorize partnership expenses "up to $500,000." The Subscription Agreement, however, only permits expenses "**associated with the organization, existence, and operations of the Partnership**." The advisory fees at issue in this case do not constitute partnership expenses, and therefore do not fall within the terms of the contract.

The WELD Defendants present several arguments as to why they should be subject to dismissal at the pleading stage. But, all of the WELD Defendants' arguments are based on the premise that the "advisory fees" are lawful. Because the "advisory fees" are unlawful, however,

as more fully explained in Plaintiff's Opposition to the Motion to Dismiss filed by the Romulus Defendants, dismissal of the WELD Defendants is inappropriate at this stage. The Complaint plainly alleges that the WELD Defendants received the unlawful advisory fee proceeds charged to Plaintiff which are at issue in this case. Thus, Plaintiff's Complaint sufficiently pleads a claim for Unjust Enrichment against WELD under Delaware law. WELD should be subject to discovery so Plaintiff can learn what WELD actually did – or did not do – supposedly to earn the "advisory fee." Therefore, dismissal is inappropriate at this stage.

## II. RELEVANT FACTS

The WELD Defendants' opposition is premised on the idea that "the governing documents concerning S2's investment in the Fund and …. the terms contained therein explicitly allow for the payments S2 now alleges to be wrongful." As explained fully in Plaintiff's opposition to the Romulus Defendants' Motion to Dismiss, however, the relevant contracts <u>do</u> <u>not</u> explicitly authorize the payments Plaintiff alleges to be wrongful. Under the contracts, in order for a payment to be properly charged as a partnership expense, it must be "**associated with the organization, existence, and operations of the Partnership**." The WELD Defendants do not dispute receiving the payment and do not provide any information as to how the payments are associated with the organization, existence, and operations of the partnership. The Unjust Enrichment claim against the WELD Defendants must survive the pleading stage to allow Plaintiff to conduct discovery as to what the approximately $400,000 fee purportedly covered.

## III. LAW AND ARGUMENT

### A. Standard of Review

In ruling on a motion to dismiss, the court must construe the plaintiff's complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in the plaintiff's favor.

*Aversa v. United States*, 99 F.3d 1200, 1209-10 (1st Cir. 1996); *Griffin v. Fbira Bos., Inc.*, 2024 U.S. Dist. LEXIS 91649, *3.

### B. This Court has Subject Matter Jurisdiction

Plaintiff has properly plead claims under the Exchange Act such that this Court has discretion to exercise supplemental jurisdiction for the unjust enrichment against the WELD Defendants by virtue of Federal Question Jurisdiction over Plaintiff's federal claims against the Romulus Defendants. Under 28 U.S.C. § 1367, this Court should exercise supplemental jurisdiction over state law claims arising from "a common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966). Here, the scheme involving the phantom advisory involves a common nucleus of operative facts involving all Defendants. Therefore, supplemental jurisdiction over the unjust enrichment claim against the WELD Defendants is proper.

Additionally, this Court has Diversity Jurisdiction over the claims in this case. All three of the individual members of Plaintiff are domiciled in Texas. (Corp. Disc., ECF No. 4). The individual members of Romulus Capital Management, LLC are: Neil Chheda, domiciled in Massachusetts; Joel-Andre Ornstein, domiciled in Massachusetts; Krishna K. Gupta, domiciled in Massachusetts; Joey Kim, domiciled in Tennessee; and Warren Chia, domiciled in Massachusetts. The individual members of Romulus Equipment Share Growth III LP are William Schlacks and Jabbok Schlacks, both domiciled in Missouri. The individual members of Capital Partners II, LLC are domiciled in Massachusetts, according to a 2018 SEC Form D Notice of Exempt Offering of Securities Chheda filed in 2018. The individual members of Weld Advisory Holdings, LLC are: Warren Chia, domiciled in Greater Boston; Joey Kim, domiciled in Tennessee; and William and Jabbok Schlacks, both domiciled in Missouri. Therefore, there is complete diversity of parties.

Plaintiff intends to seek leave to amend the Complaint to disclose the domicile of the individual members of Defendants. Accordingly, this Court has jurisdiction over this case through both Federal Question and Diversity Jurisdiction.

### C. Plaintiff has properly plead a claim for Unjust Enrichment against the WELD Defendants

Defendant WELD Advisory Holdings, LLC and Defendant Warren Chia do not deny receipt of the phantom advisory fee at issue in this case. Plaintiff has demonstrated that the relevant contracts do not explicitly allow for the payments to the WELD Defendants. Under Delaware law, restitution damages are available to "deprive the defendant of benefits he ought not keep, even though he may have received those benefits honestly in the first instance…" *See Fleer Corp. v. Topps Chewing Gum, Inc.,* 539 A.2d 1060, 1063 (Del. 1988). Here, when accepting all factual allegations as true and construing inferences in favor of Plaintiff, Plaintiff has stated a claim for unjust enrichment against the WELD Defendants. The WELD Defendants do not dispute receiving significant advisory fees, and Plaintiff properly alleges that these fees are unlawful and improper. Therefore, Plaintiff has properly plead an unjust enrichment claim against the WELD Defendants.

### IV. CONCLUSION

Based on the foregoing, Plaintiff has properly plead an Unjust Enrichment claim against the WELD Defendants. Therefore, the WELD Defendants' Motion to Dismiss should be denied.

Dated: June 17, 2024

                                                */s/ Charles A. Waters*
                                                Charles A. Waters, BBO #631425
                                                SHEEHAN PHINNEY BASS & GREEN PA
                                                28 State Street 22nd Floor
                                                Boston, MA 02109
                                                Tel: (617) 897-5600
                                                cwaters@sheehan.com

and

*/s/ Alan M. Wolper*
Alan M. Wolper (as *Pro Hac Vice*)
UB GREENSFELDER LLP
500 West Madison Street, Suite 3600
Chicago, Illinois 60661
Tel: (312) 658-6500
Fax (216) 583-7001
awolper@ubglaw.com

*/s/ M. Salman Shah*
M. Salman Shah (as *Pro Hac Vice*)
UB GREENSFELDER LLP
65 East State Street, Suite 1100
Columbus, Ohio 43215
Tel: (614) 229-0000
Fax (216) 583-7001
mshah@ubglaw.com

**Counsel for Plaintiff**

5

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing document has been filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing and by first-class mail to those non-registered participants identified on the Notice of Electronic Filing.

                     */s/ Charles M. Waters*
                     Charles M. Waters

4861-2890-9768, v. 1